## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 21-cr-685 (TNM) |
| | : | |
| v. | : | |
| | : | |
| **AVRON LUCIEN FORTINEAU,** | : | |
| Defendant. | : | |

### UNITED STATES' MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully files the following Memorandum in Aid of Sentencing.

On January 27, 2022, Defendant Fortineau pleaded guilty to the sole count in the Indictment, charging him with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by a Term of Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

Although the United States does not disagree with the calculations in the Presentence Investigation Report (PSR) (Total Offense Level 21 at CHC 1 (37-46 months)), the government is bound by the terms of the plea agreement, in which it agreed to not seek a sentence of more than 37 months incarceration. Unfortunately, in the plea agreement, the parties also incorrectly stipulated that the defendant's base offense level was 22 (large capacity magazine and one felony controlled substance), when in fact, U.S. Probation determined the defendant did not have a qualifying felony controlled substance offense and was only a level 20. In the spirit of the plea agreement, the government will request the high end of Guidelines at a base offense level 20, less acceptance of responsibility, which calls for a 30-month term of imprisonment. In this case, the 3553(a) factors demand a sentence at the high-end of the Guidelines. The government also requests

the Court sentence the defendant to the maximum term of supervised release (three years) and order forfeiture of the gun and ammunition seized in this case (a loaded Glock 26 firearm, with an extended clip, bearing serial number ZMK454, and 26 rounds of 9mm ammunition). In support thereof, the government respectfully submits the following:

## FACTUAL AND PROCEDURAL BACKGROUND

This case stems from an HSI drug trafficking investigation into the Floyd brothers (Bennie and David Floyd) who have each been federally charged for their role in engaging in a drug trafficking conspiracy to possess with the intent to distribute more than 500 grams or more of cocaine.[1] The investigation began when HSI intercepted two packages being mailed from the U.S. Virgin Islands to Washington D.C. that contained approximately a kilo of cocaine each. HSI's investigation led to a federal wiretap on David Floyd's phone and physical and video surveillance, which indicated that David Floyd is running a drug trafficking operation in the Washington D.C. area. As part of its surveillance, HSI identified 1226 16th Street NE as a residence affiliated with David Floyd's operations. On November 10, 2021, HSI, with the assistance of other law enforcement agencies, conducted a large-scale takedown to arrest David Floyd and execute several search warrants for suspected co-conspirators, vehicles, devices, and properties (including 1226 16th Street NE) tied to its investigation.

When agents executed their search of 1226 16th Street, they encountered Defendant Fortineau on the first floor of the property. From a bedroom, over which he claimed ownership, agents seized: one Glock 26 firearm, bearing serial number ZMK454, with an extended magazine containing 26 rounds of .9mm ammunition; two additional magazines; one small bag of brown

---

[1] Bennie Floyd is charged in 21-cr-200-TNM, has pleaded guilty, and was recently sentenced to 72 months imprisonment. David Floyd is charged in 21-cr-666-TNM and has yet to decide whether to plead guilty or proceed to trial.

2

powder (determined to be fentanyl); one small bag of white powder (determined to be cocaine); one small digital scale; and $20 in cash. During a Mirandized interview, Fortineau admitted that the Glock firearm and drugs belonged to him and that he knew of his felony status—that is, he knew he had been convicted of a crime punishable by a term of imprisonment of more than one year. A criminal records check reveals that Fortineau has previously been convicted of a crime punishable by a term of imprisonment for more than one year. Specifically, Defendant Fortineau was convicted on March 22, 2011, for Possession with Intent to Distribute Marijuana in Washington D.C. Superior Court (Case Number 2010-CF2-020596). Records reveal that Fortineau was sentenced to 14 months of incarceration, with execution of the sentence suspended. Accordingly, at the time of his arrest in this case, Fortineau was aware he had a prior conviction for a crime punishable by a term of imprisonment of more than one year.

## SENTENCING RECOMMENDATION

All of the applicable factors set forth in Title 18 United States Code, Section 3553(a), should be considered by this Court.  See United States v. Gall, 128 S.Ct. 586 (2007).  These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment; (3) the Sentencing Guidelines and related Sentencing Commission policy statements; and (4) the need to avoid unwarranted sentence disparities.   18 U.S.C. § 3553(a).

Nature and Circumstances of the Offense

The nature and circumstances of the offense charged weighs in favor of detention. Here, Defendant is a previously convicted felon who was aware that he could not possess a firearm. Despite a lengthy criminal history (discussed below), Defendant was residing in a house that has links to a larger drug investigation in which kilogram quantities of cocaine were being sent from the U.S. Virgin Islands to Washington D.C. When agents entered the house and searched Fortineau's bedroom, they found him with a bunch of items that no felon should have: one Glock 26 firearm, with an extended magazine containing 26 rounds of .9mm ammunition; one small bag of brown powder (fentanyl); one small bag of white powder (cocaine); one small digital scale; and $20 in cash. Whether Defendant was using these drugs for personal use (as he claims) or selling them in this case is equally concerning: Fortineau is either a felon in possession who is even more dangerous to the community because he is abusing narcotics *or* he is a felon in possession of a firearm who is actively selling dangerous narcotics to the community. These factors, combined with the fact that he was in possession of a loaded weapon with an extended magazine, all weigh in favor of a sentence at the high end of the Guidelines.

History and Characteristics of the Defendant

Defendant's egregious criminal history favors a high-end sentence. Based on his record, the Court can be sure that Defendant is likely to continue to commit crimes unless he is incarcerated for a lengthy sentence. Defendant is a 43-year-old male, with 13 prior convictions and at least 20 prior arrests that did not result in prosecution. While his convictions are too numerous to list here, notably he has multiple previous drug convictions (PWID marijuana, possession of marijuana, possession of cocaine, CDS with intent to distribute), as well as convictions related to operating a motor vehicle after suspension, fleeing from a law enforcement

4

officer, and a probation violation. Similarly, the defendant has a concerning arrest history involving multiple assaults, domestic violence, failure to appear as a fugitive, assault with intent to rob, and multiple vehicle and traffic violations. Based on his prior record, the defendant has not taken the law seriously and a high-end sentence is necessary to deter him from committing future crimes and endangering the community.

Need for the Sentence Imposed

Consideration of the factors set forth in Section 3553(a) leads to the conclusion that a period of incarceration followed by supervision is warranted in this case. The recommended high-end sentence reflects the seriousness of the offense and will serve to protect the community. This sentence strikes the proper balance between the serious nature of the defendant's actions and his troublesome criminal history on one hand, but also acknowledges that Defendant has not yet served a strict federal sentence. The government's hope is that, after lenient jail sentences proved unsuccessful in changing his prior aggressive behavior with a firearm, a high-end sentence of incarceration, followed by three years of supervised release, will finally help to deter the defendant to change his criminal ways upon his release.

The government has considered what would be an appropriate sentence for the defendant, balancing the seriousness of the offense, the need for just punishment, the threat the defendant poses to the community, and the need for adequate deterrence to criminal conduct. Based upon a consideration of all the factors set forth in Title 18, United States Code, Section 3553(a), the government respectfully asks the Court to impose a sentence of incarceration of 30 months followed by three years of supervised release.

        Respectfully submitted,

        MATTHEW M. GRAVES
        ACTING UNITED STATES ATTORNEY


        _/s/_David T. Henek_____
        DAVID T. HENEK
        Assistant United States Attorney
        Violent Crime and Narcotics Trafficking Section
        555 4th Street, N.W.
        Washington, D.C. 20530
        N.Y. Bar No. 5109111
        david.t.henek@usdoj.gov
        202-252-7825


## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing Memorandum (in redacted form) was sent via email to counsel for the defendant.


        _/s/_David T. Henek_____
        DAVID T. HENEK
        Assistant U.S. Attorney